**Dennis SHOLLENBURG et al., Petitioners,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

No. 03–71426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided May 12, 2005.

Patricia J. Barry, Esq., Los Angeles, CA, for Petitioners.

Jaclyn C. Taner, Washington, DC, for Respondent.

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Before: BROWNING, MAGILL,* and RYMER, Circuit Judges.

## MEMORANDUM **

Former officers of First Mountain Bank (FMB) Dennis Shollenburg, Hazel Hagy, Vicky Melton, and Brenda Knudson (collectively, bank officers) petition for review of an order of the Federal Deposit Insurance Corporation Board of Directors (FDIC) prohibiting them from further participation in the conduct of the affairs of any federally-insured depository institution. We deny the petition.

## I

None of the bank officers' procedural challenges merits reversal. They contend that the FDIC illegally seized and introduced into evidence their personal tax returns in violation of 26 U.S.C. § 6103(a) and (b) and *Stokwitz v. United States*, 831 F.2d 893 (9th Cir.1987), but § 6103's prohibitions do not apply as the returns were obtained from FMB's files, not the Internal Revenue Service. Their argument that the FDIC suppressed attachments to FMB's counsel's letter fails because there is no indication that the documents would have been material or exculpatory. Bank officers' complaint about pre-hearing procedures is not persuasive because FDIC rules permit only document discovery, which is a neutral rule, *see* 12 C.F.R. §§ 308.24, 308.27, 308.107, and they did not object to the hearing date set by the ALJ even though it was beyond the presumptive 60–day period set by 12 U.S.C. § 1818(e)(4). Finally, they fault the FDIC for prosecuting them when other bank employees they say followed similar tax avoidance practices were not prosecuted,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

but this is a decision that is within the agency's discretion. *See Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

## II

■ Sufficient evidence supports the determination that § 1818(e)(1) requirements are met. *De la Fuente v. FDIC,* 332 F.3d 1208, 1222 (9th Cir.2003) (noting the statutory elements). First, bank officers committed (and caused FMB to commit) numerous violations of law and regulation in conducting their tax nonwithholding scheme through FMB. In filing their W-4 withholding exemption certificates in 1997, bank officers ran afoul of 26 U.S.C. § 3402(n) by falsely stating that they had incurred no income tax liability in the previous year and expected to incur no income tax liability for the current year, and altering the jurats on their W-4 forms knowing that these certifications were false. Bank officers thereby caused FMB to stop withholding income taxes from their salaries, in violation of 26 U.S.C. §§ 3402(a)(1) and 3403, and to stop paying and withholding FICA taxes on their salaries, in violation of 26 U.S.C. §§ 3101 and 3102. Furthermore, Shollenburg, Hagy, and Melton received year-end bonuses and automobile allowances which they failed to report as income. Finally, Hagy, acting on behalf of FMB but without first consulting the FMB board or FDIC, agreed to indemnify Paychex in order to induce Paychex to stop withholding taxes from bank officers' salaries. In so doing, she and FMB violated 12 U.S.C. § 1831a and 12 C.F.R. § 7.1017, which together forbid state-chartered, federally-insured nonmember banks from agreeing to indemnify anyone unless the bank has a substantial interest in the transaction or obtains a segregated deposit in the amount of the indemnification, and first obtains the permission of FDIC.

Second, bank officers' actions amounted to unsafe or unsound banking practices because they caused FMB to stop withholding income and FICA taxes from their salaries, which is a violation of law. "Obligating one's institution to transactions that might be illegal is not in accord with generally accepted standards of prudent operation." *Seidman v. Office of Thrift Supervision,* 37 F.3d 911, 928 (3d Cir. 1994) (internal quotation marks omitted). In addition, bank officers forced FMB to incur liability for not withholding taxes from their salaries. *See* 26 U.S.C. §§ 3403 & 3102. FMB paid over $200,000 in back taxes because of the bank officers' misconduct.

Third, bank officers breached their fiduciary duties to FMB. They initiated their nonwithholding scheme without first informing the FMB board and contrary to advice from FMB's auditors and outside tax counsel. In short, they put their personal interests in evading taxes on their income above FMB's interest in complying with the law, not incurring needless liability for nonwithholding, and maintaining its good reputation in the community.

This course of conduct ultimately obliged FMB to pay over $150,000 to various taxing authorities on their behalf, some of which was never repaid. In addition, FMB incurred legal and auditing fees for work regarding bank officers' nonwithholding activities. By the same token, bank officers received a financial gain, albeit a temporary one, through the use of funds not withheld from their salaries as taxes during 1997, 1998, and 1999.

In knowingly providing false information regarding their income in the past year on their W-4 forms, and failing to inform the FMB board that they had directed Paychex to stop withholding taxes from their salaries, the bank officers were heedlessly indifferent to the legality of their conduct,

even assuming that they truly believed that they were exempt from having to pay income or FICA taxes and that their actions did not show personal dishonesty. *See De la Fuente,* 332 F.3d at 1223. Accordingly, their actions satisfy the state of mind requirement of 12 U.S.C. § 1818(e)(1)(C).[1]

PETITION DENIED.

---

1. Bank officers' motion to augment the record on appeal is denied because none of the material they wish to include was in the rec-

ord before the ALJ or the FDIC Board. *See* Fed. R.App. P. 16(a).

